UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Tyrone Hurt,                           :
                                       :
       Plaintiff,                  :
v.                                     :          Civil Action No. 06-1468 (CKK)
                                       :
Mental Health North Center,            :
                                       :
       Defendant.                  :


MEMORANDUM OPINION

In this action brought *pro se* and proceeding *in forma pauperis*, plaintiff sues what appears to be a District of Columbia entity under 42 U.S.C. § 1983 for $5 trillion. The docket reflects the issuance of summons on September 1, 2006, but not the perfection of service of process. In proceedings *in forma pauperis*, however, the Court must dismiss a case "at any time [it] determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Upon consideration of the complaint, the Court finds that this case qualifies for such treatment and will dismiss the case accordingly.

Plaintiff alleges that defendant has "violated [his] human rights since 1995 through inadequate psychiatric reports and no proper referrals for certificate of parole grant by the D.C. Board of Parole." To the extent that plaintiff is suing an office within the District of Columbia government, he has named a non-suable entity. *See Caldwell v. District of Columbia*, 901 F. Supp. 7, 11 (D.D.C. 1995); *Fields v. D.C. Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992).

To the extent that plaintiff is suing the District of Columbia, he cannot prevail because the allegations are too vague to support a claim of municipal liability. A municipality may be

liable for damages under 42 U.S.C. § 1983 only when it is shown that the municipality was the "moving force" behind the constitutional violation by way of an unconstitutional policy, practice, or custom promulgated or sanctioned by the municipality. *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (quoting *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978)); accord *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (1997). Plaintiff invokes the Eighth and Fourteenth Amendments. The Fourteenth Amendment is inapplicable to the District of Columbia, *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954), and the alleged facts alluding to plaintiff's parole conditions simply do not rise to the level of an Eighth Amendment violation.[1]

For the foregoing reasons, the Court will dismiss the complaint. A separate Order accompanies this Memorandum Opinion.

                                          _____s/_____
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge

DATE: March 21, 2007

---

[1] The Eighth Amendment protects prisoners from the "wanton and unnecessary infliction of pain" and conditions that are "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).